John B. Anderson, Patrick J. Lucey and Anderson Coalition Body, Vacancy Committee by Alan E. Casnoff, Member *v.* William R. Davis, Secretary of the Commonwealth.

Heard September 18, 1980, by President Judge CRUMLISH.

*Stewart Dalzell,* with him *Raymond K. Denworth, Jr.,* and *Alfred W. Putnam, Jr., Drinker, Biddle & Reath,* for petitioners.

*David F. Phifer,* General Counsel, with him *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, September 18, 1980:

John B. Anderson, Independent United States Presidential Candidate, Patrick J. Lucey, and the Pennsylvania Anderson Coalition Body[1] bring this

---

[1] The Anderson Coalition body is a legally constructed Pennsylvania political body which nominated a slate of presidential electors in support of Mr. Anderson, to appear on the November, 1980 General Election ballot.

action in mandamus[2] to compel the Secretary of the Commonwealth to accept Lucey's substitute nomination certificate and properly designate him as the Independent Vice-Presidential candidate on the November 4, 1980 General Election ballot. We grant petitioners relief and direct the Secretary of the Commonwealth to position the candidacy of Patrick J. Lucey, Vice-Presidential nominee with John B. Anderson on the 1980 General Election ballot.

On August 12, 1980, a Nomination Paper was filed with the Secretary listing the slate of electors committed to John B. Anderson for President and James Ames Ballard for Vice-President. On August 20, 1980, however, Ballard withdrew his name from candidacy. Following the August 25th selection of Lucey as his Vice-Presidential running mate, the appointed Vacancy Committee of the Anderson Coalition Body filed a substitute nomination certificate on August 27, 1980 naming Lucey as its Vice-Presidential candidate. Although Anderson's August 12th filing and Ballard's August 20th withdrawal was accepted by the Secretary, the August 27th substitution request was rejected because it was filed *after* August 21, 1980, the deadline set by Section 981(a) of the Pennsylvania Election Code.[3]

In judging the validity of election procedures as they control the withdrawal and substitution of inde-

---

[2] We maintain original jurisdiction over this matter pursuant to Section 761(a)(1) and 764(2) of the Judicial Code, 42 Pa. C. S. §§761(a)(1) and 747(2).

[3] Act of June 3, 1937, P.L. 1333, Art. IX, §981(a), *as amended*, 25 P.S. §2941(a) provides, in pertinent part:

(a) Substituted nomination certificates to fill vacancies caused by the withdrawal of candidates nominated . . . by nomination papers shall be filed with the Secretary of the Commonwealth . . . at least seventy-five (75) days before the day of the general . . . election. . . . (*Emphasis added.*)

pendent candidates, we must look to the unique methodology of Pennsylvania. In the case of *Salera v. Tucker,* 399 F. Supp. 1258 (E.D. Pa. 1975), *aff'd,* 424 U.S. 959 (1976), the pre-primary signature and filing dates mandated by Section 953, 25 P.S. §2913, were held unconstitutional as applied to political bodies like Anderson's Pennsylvania organization.[4] Consequently, the court there ordered the Secretary to adopt August 21st as the deadline for independent candidate participation, until the legislature prescribes a new date for the filing of nomination papers. Thereafter, on July 11, 1980, the Pennsylvania Legislature amended (Act No. 1980-127) Section 978 of the Code, 25 P.S. §978, to provide that persons nominated by any "political body" as candidates for the office of presidential elector may *withdraw* in writing no later than "the seventh day next succeeding the last day for filing nomination papers for said office." 25 P.S. §978(b). Because August 21st is the judicially anointed filing date, *August 28th* is the designated deadline for withdrawal of a political body's candidate.

However, Section 981(a), 25 P.S. §2941(a), which directs the candidate *substitution* deadline to be 75 days prior to the general election, secures August 21st as the last filing date. Ballard's August 20th Vice-Presidential withdrawal was timely filed prior to the August 28th deadline, but Lucey's August 27th substitute nominating certificate was too late to meet the

---

[4] We emphasize the Election Code's distinction between "political body" and "political party", and that Anderson's Pennsylvania organization must be indisputably characterized as a "political body". Section 2831(a), 25 P.S. §2831(a), provides a political body with the legal status of a party only when one of its candidates poll in the last general election (1) more then 2% of the largest entire vote cast in each of at least 10 counties, and (2) a total state vote equal to 2% of the largest entire vote cast in the State.

August 21st deadline, thus leaving only one day in which to statutorily substitute Lucey for Ballard.

Petitioners have been trapped in a classic enigma created by legislative oversight. Their two legal contentions are indeed persuasive but the resolution is found elsewhere. They argue first, that Section 981's time restrictions are not mandatory, but are merely directory as we are so instructed by *Altoona Mayor Substitute Nomination Case,* 413 Pa. 305, 196 A.2d 371 (1974) and *Perles v. Hoffman,* 419 Pa. 400, 213 A.2d 781 (1975); and second, Section 1006,[5] which allows substituted candidates to be balloted *at any time prior to printing,* sets the key date for the insertion of valid candidate substitutions.

To refuse petitioners leave to substitute candidates, especially where there has been no showing of fraud or an intent to subvert the basic tenets of our election laws, would clearly produce an unrealistic, unreasonable result. Of course, it is axiomatic that the Legislature never intended a result which would be absurd, impossible of execution or unreasonable. *See Watson v. Witkin,* 343 Pa. 1, 6, 22 A.2d 17, 19 (1941).

Accordingly, the Secretary of the Commonwealth of Pennsylvania is ordered to accept the substituted nomination certificate of Independent Vice-Presidential candidate Patrick J. Lucey and directed to place his name on the November 4, 1980 General Election ballot.

ORDER

AND Now, this 18th day of September, 1980, the Secretary of the Commonwealth of Pennsylvania is

---

[5] Section 1006, 25 P.S. §2966 provides:

As soon as any substituted candidate shall have been duly nominated, at any time prior to the day on which the printing of ballots is started, his name shall be substituted in place of that of the candidate who has died or withdrawn.

ordered to accept the substituted nomination certificate of Independent Vice-Presidential candidate Patrick J. Lucey and directed to place his name on the November 4, 1980 General Election ballot.